# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA GREER,<br><br>             Plaintiff,<br><br>             v.<br><br>STERLING JERLERS, INC., dba KAY JEWLERS,<br><br>             Defendants. | 1:18-cv-480-LJO-SKO<br><br>**SUPPLEMENTAL ORDER DISMISSING CASE IN LIGHT OF ORDER COMPELLING ARBITRATION OF ALL CLAIMS**<br><br>**(ECF No. 8)** |

      In its July 10, 2018 Order granting Defendant's motion to compel arbitration, the Court inadvertently left open the question of whether to stay or dismiss the case. (ECF No. 17.) Defendant requests that the Court dismiss the matter (ECF No.8), while Plaintiff asserts that the matter must be stayed (ECF No. 11).

      The FAA directs courts to stay litigation subject to arbitration:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of

> one of the parties stay the trial of the action until such arbitration has been
> had in accordance with the terms of the agreement . . . .

9 U.S.C. § 3.

"[A] court can properly stay a suit before it if *any* issue in the suit is arbitrable, even if some issues are not." *Pryner v. Tractor Supply Co.*, 109 F.3d 354, 361 (7th Cir. 1997). A district court shall stay further proceedings and order arbitration if it determines that: (1) a valid agreement to arbitrate exists; and (2) the agreement encompasses the dispute at issue. *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000); *Lucas v. Gund, Inc.*, 450 F. Supp. 2d 1125, 1130 (C.D. Cal. 2006). The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). As "a matter of its discretion to control its docket," a district court may stay of litigation among non-arbitrating parties pending the outcome of arbitration. *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 20, n.23 (1983).

As an alternative to a stay, courts may dismiss claims subject to arbitration. Although the Federal Arbitration Act "provides for a stay pending compliance with a contractual arbitration clause . . . a request for a stay is not mandatory." *Martin Marietta Aluminum, Inc. v. Gen. Elec. Co.*, 586 F.2d 143, 147 (9th Cir. 1978). A district court may properly entertain a dismissal motion. *Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). "Where the claims alleged in a pleading are subject to arbitration, the Court may stay the action pending arbitration or dismiss the action." *Lewis v. UBS Financial Services Inc.*, 818 F. Supp. 2d 1161, 1165 (N.D. Cal. 2011). "The FAA authorizes a court to grant a stay pending arbitration, but it does not 'limit the court's authority to grant a dismissal' where the court requires a plaintiff 'to submit all claims to arbitration.'" *Quevedo v. Macy's, Inc.*, 798 F. Supp. 2d 1122, 1142 (C.D. Cal. 2011) (quoting *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988)). "Thus, even where a party seeks a stay under § 3

[of FAA], the court has discretion to dismiss . . . if it finds that all of the claims before it are arbitrable."
*Luna v. Kemira Specialty, Inc.*, 575 F. Supp. 2d 1166, 1178 (C.D. Cal. 2008).

Under the currently operative complaint, each of the claims raised is covered by the arbitration agreement. In its July 10 Order, the Court directed the parties to submit all claims to arbitration. (ECF No. 17.) Therefore, there is no reason for this Court to stay the action pending arbitration, and the case is DISMISSED.

IT IS SO ORDERED.

    Dated:   **July 26, 2018**                          /s/ Lawrence J. O'Neill
                                                           UNITED STATES CHIEF DISTRICT JUDGE